**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TRACY ANN FREEMAN, #1137302,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0391-L |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties:  Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case:  Following a plea of not guilty, a jury convicted Petitioner of manufacturing a controlled substance, possession of a controlled substance, and possession or transportation of anhydrous ammonia in an unapproved container in the 18th District Court of Johnson County, Texas, Cause No. F35315. (Pet. at 2). On December 12, 2002, punishment

was assessed at 80 years imprisonment of the first two counts, and ten years on the third count, with fines totalling $220,000.  (*Id.*).  The Court of Appeals affirmed the conviction and sentence. *See Freeman v. State*, No. 10-03-00116-CR (Tex. App. -- Waco Dec. 8, 2004, no pet).

On June 12, 2006, Petitioner filed a state application pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See* No. F-35315-A.  (Pet. 3).  The Texas Court of Criminal Appeals (TCCA) denied the application without written order on December 13, 2006.  (*Id.*).  *See Ex parte Freeman*, No. WR-65,289-01, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=244753 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, March 28, 2007).

On March 1, 2007, Petitioner filed the instant federal petition for writ of habeas corpus. She asserts the prosecutor failed to prove beyond a reasonable doubt that the substance in question was not pure and contained only trace amounts of methamphetamine, and that she had an affirmative link to the property.  (Pet. at 7-8).  She further asserts that the prosecutor improperly implied throughout the trial that she had committed other crimes for which she was not on trial.  (*Id.*).[1]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see*

---

[1] For purposes of this recommendation, the petition is deemed filed on February 23, 2007, the date Petitioner signed the federal petition, and placed it in the prison mail. (Pet. at 9).  *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*also Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented her from filing this federal petition. Nor does she base her petition on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

---

[2] On April 3, 2007, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting her an opportunity to explain why this case is not barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. Petitioner filed her response to the Court's show cause order on April 25, 2007.

Petitioner's conviction became final on January 7, 2005, thirty days after the Court of Appeals affirmed the judgments of conviction. *See* TEX. R. APP. P. 68.2(a) (effective September 1, 1997). Therefore, the one-year period began to run on January 8, 2005, the day after Petitioner's conviction became final, *see Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998), and expired on January 7, 2006. Petitioner did not file this federal habeas petition until February 23, 2007, more than one year after the running of the limitations period. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, *see Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998), Petitioner's state habeas application was not pending in state court during the one-year period. *Flanagan*, 154 F.3d at 202. As noted above, Petitioner did not file her state application until June 12, 2006, five months after the expiration of the one-year period. *See Scott*, 227 F.3d at 263 (state habeas application did not toll limitations period for filing federal habeas petition where it was filed after federal limitations period had expired). Therefore, the federal petition is clearly time barred absent equitable tolling.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that this case does not present the type of

extraordinary circumstances and due diligence required for equitable tolling.  Petitioner delayed filing her state writ state writ by five months following the expiration of the one-year limitations period.  Petitioner's lack of due diligence did not end here.  Upon receiving notice that her state writ had been denied on December 13, 2006, she did not immediately file this federal petition.  Rather she waited for an additional 71 days before mailing the same.  These delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling.  It is well established that "equity is not intended for those who sleep on their rights.  *Fisher v. Johnson*, 174 F.3d 710, 715 (1999).

In response to the Court's show cause order, Petitioner explains that her lack of "legal experience and limited access to a law library" prevented the timely filing of her petition.  (Pet's Response to Show Cause Order at 1).  She explains that she "had to start from scratch, learning the terminology, how to prepare motions, how to ask the court for her transcripts, waiting on those documents, then dissecting the trial looking for errors of a constitutional level and then finally preparing and submitting her first state habeas corpus."  (*Id.*).

Petitioner's reliance on her *pro se* status and her own unfamiliarity with the law does not justify equitable tolling.  The Fifth Circuit has held that mere ignorance of the law is not a circumstance warranting application of equitable tolling.  *Fisher v. Johnson*, 174 F.3d at 714 ("[i]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

Insofar as Petitioner relies on the limited access to the law library as a basis for equitable

5

tolling, her claim is wholly conclusory. Petitioner has provided no details about the alleged limited access to the law library, and how it may have constituted an extraordinary circumstances.

Accordingly, Petitioner is not entitled to equitable tolling and her petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 14th day of June, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.